JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CSBN 195046)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7144
Fax: (415) 436-7234
Email: allison.danner@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE THE EXTRADITION OF ALFONSO SOSA CORDERO, | No. CR 08-90417 MISC (JCS)<br><br>UNITED STATES' OPPOSITION TO MOTION TO DISMISS COMPLAINT |

The United States hereby files its opposition to Sosa Cordero's "motion to dismiss complaint." As Mexico has not yet even filed its formal extradition request, Sosa Cordero's motion is untimely and should be denied on that basis. Further, the arguments advanced by the extraditee are without merit. The Mexican prosecution of Sosa Cordero is not time barred under the applicable statutes of limitation in either Mexico or in the United States, and the Sixth Amendment has no applicability to extradition proceedings. In the view of the United States, the most appropriate course for this Court would be to deny without prejudice the motion until Mexico has had an opportunity to present its formal request for extradition. Should the court wish to rule on the instant motion immediately, it should be denied on the merits.

**FACTUAL BACKGROUND**

According to the request for provisional arrest made by the Government of Mexico and

the supporting documentation subsequently provided[1] the events underlying the Mexican criminal case against Sosa Cordero occurred on June 1, 2001. (Request for Provisional Arrest, English Translation, at 2.) On June 20, 2001–only nineteen days later–a Trial Judge of the Judicial District of Tijuana, Baja California issued a warrant for the arrest of Alfonso Sosa Cordero in criminal case number 309/2002. (Arrest Warrant, English Translation, at 12.) This arrest warrant lays out in some detail the evidence against Sosa Cordero. This evidence includes statements provided by David Lohrey, the victim in this case, two other percipient witnesses, and summaries of records from a Mexican hospital. The judicial analysis that accompanies the arrest warrant indicates that the judge found that the prosecutor had *not* made out an independent charge of "bodily injuries." (Arrest Warrant, English Translation, at 1.) Instead, the judge determined that, according to this evidence, Sosa Cordero was "probabl[y] responsible" for the crime of attempted homicide and ordered that an arrest warrant be issued. (Arrest Warrant, English Translation, at 12.)

On April 18, 2007, Mexico formally requested the United States that Sosa Cordero be arrested with a view toward extradition. On May 14, 2008, Mexico submitted a copy of the arrest warrant to the U.S. Secretary of State. On August 20, 2008, counsel for the United States filed a complaint and sought an arrest warrant for Sosa Cordero, which was issued by this Court on August 22, 2008. Sosa Cordero was arrested on August 26, 2008.

According to the terms of the extradition treaty, Mexico has until October 25, 2008–sixty days after the arrest of Sosa Cordero–to formally present the request for extradition to the United States. *See* Extradition Treaty Between the United State of America and the United Mexican States, T.I.A.S. No. 9656, 31 U.S.T. 5059, art. 11 (1980 WL 309106) [hereinafter "Treaty"].

---

[1] Copies of these documents have previously been filed with the Court and provided to defense counsel.

## DISCUSSION

**A.   Sosa Cordero's Motion is Premature.**

Sosa Cordero has been arrested pursuant to a complaint for provisional arrest. For a provisional arrest, the Treaty requires only that the requesting state submit an application containing a description of the offense, a description of the person sought, an undertaking to formally make a request for extradition, and a declaration of the existence of an arrest warrant. Treaty, Art. 11. Sosa Cordero does not contend that these documents were not, in fact, submitted by Mexico.

Once the person has been arrested, the requesting state has sixty days to submit the documents and information required by the Treaty in support of the extradition request.[2] The challenges that Sosa Cordero makes to his extradition–to the extent that they are properly within the purview of the extradition hearing at all–relate to documents and information that will submitted as part of the formal extradition request. It would, therefore, be premature for the court to make a definitive legal conclusion at this incipient stage of the proceedings.

**B.   Sosa Cordero's Prosecution Is Not Barred by Relevant Statues of Limitation.**

If this Court were to consider Sosa Cordero's arguments on the merits, his request should be denied. The extradition treaty between the United States and Mexico provides that extradition "shall not be granted when the prosecution . . . for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested party." Treaty, Art. 7. This provision clearly indicates that this Court should examine the applicable statutes of limitation under both U.S. and Mexican law.

As Mexico has not yet submitted the formal request for extradition, it has not had the opportunity to provide official documentation of the relevant statute of limitation under the laws of the State of Baja California, Mexico. The United States has been informed by the government of Mexico that the statute of limitation in this case will not run before December 20, 2008, at the earliest. The Mexican prosecution of Sosa Cordero, therefore, is still timely under Mexican law.

---

[2] These are set out in Article 11 of the Treaty.

Sosa Cordero argues that the applicable statute of limitation under U.S. law is that provided by the federal statute at 18 U.S.C. § 3282(a). Without conceding that this provision constitutes the relevant statute of limitation for a charge of attempted murder, Sosa Cordero was charged well within five years. In fact, the formal prosecution of Sosa Cordero began less than a month after the events that form the basis of this prosecution. The arrest warrant in this case–which allowed one of the two charges to go forward but rejected the other–is the relevant charging document in this case. *See In Re Extradition of Sainez*, 2008 WL 366135 **7-8 (S.D. Cal. 2008) (finding that arrest warrant constituted the charging document underlying an extradition request from Mexico); *see also* Restatement (Third) of Foreign Relations Law § 476 cmt. e (1987) ("For purposes of applying statutes of limitation to requests for extradition . . the period is generally calculated from the time of the alleged commission of the offense to the time of the warrant, arrest, indictment, or similar step in the requesting state, or the filing of the request for extradition, whichever occurs first.").

Therefore, Sosa Cordero's prosecution in Mexico fulfills both the statutes of limitation in Mexico and in the United States.

**C. The Sixth Amendment Right to a Speedy Trial in the U.S. Constitution Has No Application to the Non-Criminal Context of an Extradition Proceeding.**

Sosa Cordero contends that he enjoys a Sixth Amendment right to a speedy trial. As the Sixth Amendment by its plain language applies only to criminal trials[3] and since Sosa Cordero is not the subject of any criminal proceeding in the United States, this provision has no application here. It is telling that Sosa Cordero's sole legal support for this claim consists of a fifty-year-old out-of-circuit district court opinion. Much more recently, the Ninth Circuit has counseled that the extradition treaty with Mexico "itself accounts for concerns of delay by incorporating the relevant domestic statutes of limitation." *Ramirez v. Chertoff*, 267 Fed.Appx. 668 (9th Cir. 2008); see also *United States v. Kraiselburd,* 786 F.2d 1395, 1397-98 (9th Cir. 1986) (upholding

---

[3] The relevant language reads "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Art. VI.

eight-year delay between alleged crime and the commencement of extradition proceedings).

If anything, the U.S.-Mexico extradition treaty provides *more* protection than many extradition treaties by requiring that the statutes of limitation in both the United States and Mexico be satisfied before extradition may occur. *Cf. Kamrin v. United States*, 725 F.2d 1225, 1227 (9th Cir. 1984) (noting "generally, absent a specific treaty provision, the statute of limitation may be raised as a defense to criminal proceedings only after return to the requesting state").

**D. The Delay Between the Issuance of the Mexican Arrest Warrant and Mexico's Request Provisional Arrest Does Not Provide Grounds for Judicial Dismissal of the Complaint.**

Sosa Cordero argues that the delay between the issuance of the Mexican arrest warrant and Mexico's formal request to the United States provides grounds for judicial dismissal of the complaint filed by the United States on behalf of Mexico. This argument is without merit. Indeed, the Ninth Circuit recently considered a similar claim in the context of an extradition request from the Republic of Korea in which there was a four-year delay between the time that Korea became aware that the fugitive was in the United States and its request to the United States that the person be extradited back to Korea. *Man-Seok Choe v. Torres*, 525 F.3d 733, 741-42 (9th Cir. 2008). In *Choe*, the requested person argued that this delay "demonstrate[d] 'inaction or lack of diligence on the part of the [Korean] government.'" The Ninth Circuit rejected this contention. It found that, "to the extent there was a delay, this is a matter left for the Secretary of State's consideration." *Id.* at 742; *see also Kamrin*, 725 F.2d at 1227 ("The delay may not . . . serve as a defense to judicial extradition proceedings.")." Sosa Cordero remains free to argue against his extradition on this ground to the Secretary of State; this Court, however, is limited to consideration of the applicable statutes of limitation.

**CONCLUSION**

For all of the reasons set forth above, the United States requests that this Court deny Sosa Cordero's motion to dismiss the complaint.

DATED: September 3, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

ALLISON MARSTON DANNER
Assistant United States Attorney