BARRY J. PORTMAN
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant SOSA CORDERO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN THE MATTER OF THE<br><br>EXTRADITION OF ALFONSO<br><br>SOSA CORDERO | No. CR 08-90417 MISC JCS<br><br>REPLY ON MOTION TO DISMISS COMPLAINT UNDER ARTICLE 7 OF EXTRADITION TREATY DUE TO LAPSE OF TIME<br><br>Honorable Joseph C. Spero<br>September 5, 2008<br>10:30 a.m. |

**ARGUMENT**

The government argues that the motion of Alfonso Sosa Cordero to dismiss the complaint against him under Article 7 of the Extradition Treaty due to a lapse of time is "premature" and unwarranted on the merits. The government is mistaken. The Court should grant the motion.

**I.     MOTION TO DISMISS IS NOT "PREMATURE"**

As an initial matter, the government strangely claims without any citation to authority that Mr. Sosa Cordero's motion to dismiss the complaint for his provisional arrest with a view toward extradition due to the lapse in time in prosecuting him is "premature." Mr. Sosa Cordero has been arrested on this complaint and is presently in custody. The conduct alleged is from 2001. The government gives no explanation for the delay. Article 7 of the treaty expressly provides that extradition "shall not be granted" when there is a "lapse in time." Even if this defense to extradition may be renewed once the formal request and supporting documents are submitted, it makes no sense that Mr. Sosa Cordero must continue to wait in custody on a provisional arrest warrant before seeking the requested relief while his prosecution is further delayed. On the contrary, the essence of a speedy trial claim is that it may be raised at the first opportunity. *See, e.g., Doggett v. United States,* 505 U.S. 647, 651 (1992).

**II.    LAPSE OF TIME VIOLATES SPEEDY TRIAL CLAUSE**

The government concedes as it must that the plain language of the treaty provision at issue here–precluding extradition when prosecution is "barred by lapse of time according to the laws of the law of the requesting or requested party"–does not state that it is limited only to statutes of limitations and not any other laws, and does not explicitly or even implicitly purport to exclude claims under speedy trial laws. Nor does the government cite a single case from any jurisdiction which has interpreted that treaty provision as being so limited. Instead, the government merely offers the naked assertion that speedy trial laws have "no application" here, notwithstanding the express language of the treaty. The Court should reject the government's argument and find that the delay in prosecuting Mr. Sosa Cordero violated the Sixth Amendment's Speedy Trial Clause.

1    The government complains that the authority cited by Mr. Sosa Cordero is "a fifty-year-old out-
2 of-circuit district court opinion." *See In the Matter of the Extradition of Mylonas,* 187 F. Supp. 716,
3 721 (N.D. Ala. 1960) (holding that the article in the treaty with Greece barring extradition due to
4 "lapse of time" applies to both statute of limitations and Sixth Amendment speedy trial provisions).
5 However, the government entirely fails to address the current and authoritative treatises cited by Mr.
6 Sosa Cordero which say the same thing. *See, e.g.,* M. Cherif Bassiouni, International Extradition:
7 United States Law and Practice 780 (5th ed. 2007) ("As a general rule, the right to a speedy trial
8 under the Sixth Amendment and Due Process Clause of the Fifth Amendment to the United States
9 Constitution is not applicable to extradition cases unless a treaty provides for it.  If, however, a treaty
10 provides for it, then the language of the treaty controls. . . .  Clearly, if a treaty provides for what is
11 tantamount to a 'speedy trial' right under the laws of the requested or requesting state, then clearly it
12 is that treaty provision that triggers the application of the constitutional or statutory right to a speedy
13 trial even though the constitutional and statutory provisions of the subject would not otherwise
14 accommodate that right."); *see also* Michael Abbell, Extradition to and From the United States
15 (2004) § 4-3(9) (discussing *Mylonas* with approval).

16    None of the cases cited by the government are to the contrary.  The recent unpublished decision
17 cited by the government does not purport to address speedy trial issues, and instead relates to the
18 "humanitarian exception" to extradition. *See Ramirez v. Chertoff,* 267 Fed.Appx. 668, 670 (9th Cir.
19 2008).  In dictum, the opinion mentions that "relevant domestic statutes of limitations" are
20 incorporated in the extradition treaty's provisions concerning delay. *Id.*  Nowhere does that decision
21 say that speedy trial laws are not also incorporated into such provisions.  Likewise, the Ninth Circuit
22 in *United States v. Kraiselburd,* 786 F.2d 1395 (9th Cir. 1986), does not purport to address whether
23 the "lapse of time" provision of the extradition treaty in that case incorporates speedy trial laws as
24 well as statutes of limitations.  Rather, the Ninth Circuit in that case purports to construe a "remedies
25 ///
26 ///

REPLY ON MOTION TO DISMISS                - 3 -

and recourses" treaty provision. *Id.* at 1398-99.[1] Finally, unlike the treaty here, the relevant provision of the extradition treaty construed in *Man-Seok Choe v. Torres* is expressly limited to violations of the "statute of limitations." 525 F.3d 733, 741 & n.9 (9th Cir. 2008) ("'Extradition may be denied . . . when the punishment of the offense . . . would have been barred because of the statute of limitations of the Requested State had the same offense been committed in the Requested State.'" (quoting Treaty, art. 6)). Thus, in no case cited by the government does the Ninth Circuit or any other court hold that the "lapse of time" provision of an extradition treaty like the one here does not incorporate the Speedy Trial Clause.

In light of the plain text of the treaty, and the fact that the only authority on point holds that an extradition treaty provision like the one here does indeed incorporate speedy trial laws as well as statutes of limitations, this Court should proceed to determine whether the delay in prosecution against Mr. Sosa Cordero violated the Speedy Trial Clause. In his opening memorandum, Mr. Sosa Cordero sets forth in detail and with citation to controlling authority why the delay in this case does violate the Speedy Trial Clause. The government does not even attempt to dispute this analysis. Accordingly, the Court should hold that the lapse in time in the prosecuting Mr. Sosa Cordero precludes his extradition under Article 7 of the treaty.

### III. FURTHER INQUIRY IS REQUIRED REGARDING STATUTE OF LIMITATIONS

After Mr. Sosa Cordero filed his opening memorandum in this matter, the government provided him with additional documentation regarding the nature of the accusatory document issued in Mexico on June 20, 2001, including a full copy of the arrest warrant in translation. The government relies upon this additional documentation to argue in effect that the requirements of the

---

[1] In doing so, the *Kraiselburd* court follows an earlier decision, *Kamrin v. United States,* 725 F.2d 1225 (9th Cir. 1984), in which the Ninth Circuit considered whether extradition was barred pursuant to the Sixth Amendment's Speedy Trial Clause under the applicable provisions of the Australian extradition treaty. The "lapse of time" provision in that treaty, however, referred only to the laws of the "requesting state" and not of the requested state, unlike the treaty here. *Id.* at 1227. As a result, the only possible avenue for relief under the Speedy Trial Clause in that case was a separate provision of the treaty establishing "the right to use such remedies and recourses as are provided by [the law of the requested state]." *Id.* The Ninth Circuit held that the "remedies and recourses" provision did not apply to the Sixth Amendment's Speedy Trial Clause.

REPLY ON MOTION TO DISMISS                - 4 -

1  statute of limitations under 18 U.S.C. § 3282(a) for an indictment or information have been met by
2  equivalent procedures in issuing the arrest warrant in Mexico.
3      If the Court determines as it should that the Mr. Sosa Cordero is not subject to extradition
4  under Article 7 of the treaty due to the application of the Speedy Trial Clause, then the government's
5  argument regarding the statute of limitations is moot.  If, on the other hand, the Court does not
6  preclude extradition on speedy trial grounds, then Mr. Sosa Cordero will need more time to conduct
7  further inquiry into the government's claim.

## CONCLUSION

9      For the aforementioned reasons, the Court should dismiss the complaint under Article 7 of the
10 extradition treaty due to lapse in time.
11 Dated:  September 3, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

DANIEL P. BLANK
Assistant Federal Public Defender