JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CSBN 195046)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7144
Fax: (415) 436-7234
Email: allison.danner@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE THE EXTRADITION OF ALFONSO SOSA CORDERO, | No. CR 08-90417 MISC (JCS)<br><br>UNITED STATES' MOTION TO QUASH SUBPOENA |

The United States hereby files a motion to quash a subpoena served on the victim in the underlying criminal case in Mexico to testify at Sosa Cordero's bail hearing scheduled for September 5, 2008.

As described further in the complaint for provisional arrest with a view toward extradition, the criminal case against Mr. Sosa Cordero in Mexico involves a charge that he attempted to murder David Lohrey in 2001 in Mexico by choking him. The arrest warrant issued by the Mexican judge describes the testimony of two other witnesses to this crime in addition to Mr. Lohrey.

Mr. Lohrey is a citizen of the United States. Mr. Lohrey contacted government counsel this week and informed her that he had been subpoenaed by Sosa Cordero to testify at the bail hearing in this case scheduled for September 5, 2008. It is government counsel's understanding

USA'S MOTION TO QUASH SUBPOENA
CR 08-90417 MISC (JCS)

that Sosa Cordero intends to offer Mr. Lohrey's testimony to challenge the factual basis of the future request for Sosa Cordero's extradition by the government of Mexico. Having discovered the subpoena served on Mr. Lohrey only through the fact that Mr. Lohrey contacted government counsel, the government does not know whether defense counsel has issued other subpoenas in this matter.

Government counsel objects in the strongest terms to any attempt to have Mr. Lohrey testify at the bail hearing on September 5, 2008. This testimony would be inappropriate in the context of a formal extradition hearing–let alone at a preliminary bail determination. Mr. Lohrey is afraid of Sosa Cordero and is concerned about his safety were he to testify in this Court. In any event, it does not appear that Mr. Lohrey's testimony would be exculpatory to Sosa Cordero at all.

The Ninth Circuit has said repeatedly, in various ways, that extradition magistrates do not weigh conflicting evidence. *See Quinn v. Robinson*, 783 F.2d 776, 815 (9th Cir. 1986) (extradition magistrate "does not weigh conflicting evidence and make factual determinations but, rather, determines only whether there is competent evidence to support the belief that the accused has committed the charged offense"); *Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978) (fugitive "not permitted to introduce evidence on the issue of guilt or innocence"); *Desmond v. Eggers*, 18 F.2d 503, 505 (9th Cir. 1927) ("All of the authorities agree . . . that matters which are only a defense to a trial on the merits are not admissible"); *see also Extradition of Mainero*, 990 F. Supp. 1208, 1218 (S.D. Cal. 1997) ("Evidence that conflicts with that submitted on behalf of the demanding party is not permitted, nor is impeachment of the credibility of the demanding country's witnesses.").

Extradition proceedings are not trials and are not intended to be. The requested person, for example, has no right to cross-examine witnesses. *Oen-Yin Choy v. Robinson*, 858 F.2d 1400, 1406–07 (9th Cir. 1988); *Messina v. United States*, 728 F.2d 77 (2d Cir. 1984); *cf. Extradition of Powell*, 4 F. Supp. 2d 945, 960 (S.D. Cal. 1998) ("Rebuttal, presentation of contradictory evidence, and examination or cross examination of witnesses are not appropriate in this setting."). The ultimate question of the fugitive's guilt or innocence is reserved for the trial

1  court in the country requesting extradition. *See, e.g., Collins v. Loisel*, 259 U.S. 304, 316 (1922);
2  *Valencia v. Limbs*, 655 F.2d 195, 198 (9th Cir. 1981).
3      Because of the impracticality of weighing evidence and assessing credibility on a cold
4  record, an extradition magistrate properly views the foreign submissions as true. *See, e.g.,*
5  *Extradition of Chan Hon-Ming*, 2006 WL 3518239, at *7 (E.D.N.Y. 2006); *Solis*, 402 F. Supp.
6  2d at 1132; *Extradition of Cheung*, 968 F. Supp. 791, 794 n.6 (D. Conn. 1997); *Extradition of*
7  *Marzook*, 924 F. Supp. 565, 592 (S.D.N.Y. 1996); *Desautels v. United States*, 782 F. Supp. 942,
8  944 n.2 (D. Vt. 1991); *Extradition of Atta*, 706 F. Supp. 1032, 1050–52 (E.D.N.Y. 1989).
9      Indeed, the very purpose of extradition treaties is to spare the requesting country the
10 burden of sending its witnesses abroad. *E.g., Bingham v. Bradley*, 241 U.S. 511, 517 (1916)
11 (requiring "the demanding government to send its citizens to another country to institute legal
12 proceedings would defeat the whole object of the treaty"); *Mainero v. Gregg*, 164 F.3d at 1206
13 ("The very purpose of extradition treaties is to obviate the necessity of confronting the accused
14 with the witnesses against him.")
15     Extradition law manifests its refusal to have judicial officers in the United States find
16 facts about foreign evidence by banning affirmative defenses. *See, e.g., Charlton v. Kelly*, 229
17 U.S. 447, 462 (1913) (claim of insanity is defense that should be heard at trial); *Eain*, 641 F.2d at
18 512 (alibi evidence "is a matter for consideration at the trial, not the extradition hearing");
19 *Petrushansky*, 325 F.2d at 567 (extradition case: no error in excluding alibi evidence); *Desmond*,
20 18 F.2d at 505–06 (rejecting claim that fugitive should have been allowed to introduce alibi
21 evidence); *Extradition of Powell*, 4 F. Supp. 2d at 958–60 (disallowing duress defense); *In re*
22 *Ezeta*, 62 F. at 986 (claims of justification and self-defense are not to be considered in extradition
23 proceedings). Affirmative defenses such as these — for example, insanity, alibi, duress,
24 justification, self-defense, and entrapment — require factual adjudication, which, if allowed,
25 would likely be based on evidence located abroad.
26     In light of these principles, it is manifestly inappropriate to require the victim in an
27 attempted murder case in Mexico to testify at a bail hearing in the United States in anticipation
28 of an extradition request. Particularly given that Mr. Lohrey is afraid of Sosa Cordero, the

USA'S MOTION TO QUASH SUBPOENA
CR 08-90417 MISC (JCS)                 -3-

government objects to any attempt by Sosa Cordero's counsel to call Mr. Lohrey to testify. Should this Court wish to hear evidence from Mr. Lohrey, government counsel requests that this Court hear from him *in camera*.

For all of the reasons set forth above, the United States respectfully requests that this Court quash the subpoena requiring Mr. Lohrey to be present at the detention hearing in this matter.

DATED: September 4, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____
ALLISON MARSTON DANNER
Assistant United States Attorney

USA'S MOTION TO QUASH SUBPOENA
CR 08-90417 MISC (JCS)                -4-